## Harker v. Farmers Trust Co.

*Dean A. Weidner,* for plaintiff.
*Leslie B. Handler,* for defendant.
*Walter W. Wilt,* for additional defendant.

SHUGHART, *P.J.,* October 3, 1977—This is an action brought by plaintiff, Edward W. Harker, as trustee for Lynn F. Myers, Inc., a bankrupt corpo-

ration, against defendant, Farmers Trust Company, to recover damages for losses arising out of the repossession of certain equipment subject to security agreements given by the bankrupt corporation to the defendant bank. Defendant has joined Lynn F. Myers, president and sole shareholder of the bankrupt corporation, as an additional defendant. Defendant, Farmers Trust Company, presently seeks an order from this court requiring the plaintiff-trustee to answer more fully and completely interrogatories numbered 3(c), 8, 11, 13, 14, 19, 22, 24 and 24(a), pursuant to Pa. R.C.P. 4005 and 4007.

Rule 4005 states in pertinent part, "[i]nterrogatories may relate to any matters which can be inquired into under Rule 4007 . . ." Rule 4007(a) provides for interrogatories "regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case." Both of these rules are subject to the limitations contained in Rule 4011, which reads in part:

"No discovery or inspection shall be permitted which

"(a) is sought in bad faith;

"(b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party;

"(c) relates to matter which is privileged or would require the disclosure of any secret process, development or research . . ."

It is within this framework that we must evaluate the appropriateness of defendant's interrogatories and the sufficiency of plaintiff's answers. Some of the interrogatories and correspond-

ing answers can be discussed together, so where it is appropriate we will do so. Since the plaintiff has agreed to provide a more specific answer to interrogatory 3(c), we will omit that from our discussion.

Interrogatory 8 asks the trustee to state his personal belief as to whether defendant bank believed in good faith that its prospect of repayment was impaired. If answered in the affirmative, the question asks the trustee to state specific facts upon which his conclusion is based. Interrogatory 19 asks the trustee whether he believes that Lynn F. Myers has any obligation to the trustee, and if so, why Lynn F. Myers was not named as a defendant in the complaint. Interrogatory 22 asks the trustee whether he feels defendant acted in good faith in repossessing the equipment, and if not, on what facts does the trustee rely to show bad motive. Plaintiff's general response to all of the above questions is that he is only the trustee in bankruptcy, and as such was not a party to the events that took place prior to the bankruptcy proceedings. The defendant argues that this response is evasive and that a more complete answer must be given to all of the above interrogatories.

These questions are not proper for use in discovery. The three above call for the opinion of plaintiff on matters that even defendant must strain to justify as being relevant to the preparation or trial of the case. As was stated in Hunsberger v. Pennsylvania Railroad Co., 11 D.&C. 2d 335 (Phila. 1957): "The purpose of discovery is to furnish relevant information to the inquirer to enable him to prepare his pleadings, to prepare and try his case. The opinions or conclu-

sions of the particular witness under examination will not be of substantial aid to him for any of these purposes. So far as the pleadings are concerned, opinions and conclusions are to be excluded for only the material facts are to be pleaded. At trial, the court will ordinarily exclude opinions or conclusions. The court wants the jury to hear the facts."

Id. at 338, quoting Goodrich-Amram, vol. 4, pp. 114-116, §4007(a)16. See also, Sweeny v. Port Authority of Allegheny County, 115 Pitt. L.J. 283 (1967); Holtby v. Mason, 41 D.&C. 2d 448 (Chester Co. 1967).

Aside from the questionable relevance of the interrogatories, plaintiff brings this suit for the benefit of the bankrupt corporation, with specific authorization from the Bankruptcy Court. Defendant, although not a party to the bankruptcy proceeding, was present at the hearing and is aware of the arrangements made at that time. Plaintiff's opinion of matters occurring before his appointment as trustee, beyond that which can be gleaned from the fact that he brought suit, are not relevant. Plaintiff's answers already submitted are sufficient.

Interrogatory 11 is directed towards plaintiff's claim for punitive damages, asking the trustee to state what facts are relied upon to substantiate such a claim. In response, the trustee directs defendant to averments 7 through 24 in the amended complaint, and further states that the acts outlined therein "constitute arbitrary, intentional, and capricious action by the defendant bank." The amended complaint sets out in detail the acts for which plaintiff claims punitive damages. A party

need not answer interrogatories clearly answered by the pleadings: Tyhanic v. Willard, 21 D.&C. 2d 194 (Chester Co. 1960); Berlin v. Brody, 4 D.&C. 2d 173 (Phila. 1955).

Interrogatory 13 asks the trustee to state whether the bankruptcy court has been advised that additional defendant, Lynn F. Myers, is personally paying for the services of plaintiff's counsel of record, Dean Weidner. Interrogatory 14 questions whether the trustee has obtained the permission of the bankruptcy court to retain Dean Weidner and permit Lynn F. Myers to pay his fees. The impertinence of these questions is evident and they need not be answered. Plaintiff either has or has not a valid claim—a determination of who is paying plaintiff's attorney will not assist in the solution.

Interrogatories 24 and 24(a) seek to discover the amounts of accounts payable owed by the corporation on June 6, 1972, and any disputed claims pending against the corporation. The trustee answered that he did not have possession of the information requested, but that he believed that they were substantially the same as those scheduled on the petition for bankruptcy filed on June 28, 1976. This is sufficient answer.

## ORDER OF COURT

And now, October 3, 1977, for the reasons stated in the opinion filed this date, the motion for more complete answers to the defendant's interrogatories is denied.